

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00077-CR

STEVE GAITHER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2013-438,077, Honorable William R. Eichman II, Presiding

September 25, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Steve Gaither, seeks to appeal a plea bargained judgment of conviction for the offense of possession of a controlled substance (cocaine) in an amount of less than one gram[1] in a drug-free zone.[2] Appellant further pled true to one prior felony conviction, which enhanced the applicable punishment range to that of a

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010).

[2] *See id.* § 481.134(b) (West Supp. 2014).

second-degree felony.[3] In accordance with the terms of the plea bargain, appellant was sentenced to twenty years confinement in the Institutional Division of the Texas Department of Criminal Justice. Because appellant has no right of appeal, we will dismiss.

An appeal must be dismissed unless a certification showing that the defendant has the right of appeal has been made part of the record. TEX. R. APP. P. 25.2(d). The trial court noted on "Trial Court's Certification of Defendant's Right of Appeal" that this was "a plea-bargain case and the defendant has NO right of appeal." Based upon our review of the record, we find that appellant voluntarily, knowingly, and intelligently entered into a plea bargain and that the terms of this plea bargain were accepted by the trial court. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

By letter dated June 30, 2015, this Court notified appellant that the certification of defendant's right of appeal indicated that this was a plea-bargain case and that appellant had no right of appeal. This notification further advised appellant that the appeal must be dismissed unless an amended certification reflecting that appellant has the right of appeal is received. Appellant was given until July 20 to file a response. On July 21, appellant requested an extension of time to file his response, which extended the deadline for appellant's response to September 11. To date, appellant has failed to file his response or an amended certification.

Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (en banc) ("A court of

---

[3] *See* TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2014).

appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. Any pending motions are dismissed as moot.

Per Curiam

Do not publish.